WEKANDO, INC., Plaintiff, *v.* CITY OF YONKERS et al., Defendants.

Supreme Court, Special Term, Westchester County, May 18, 1949.

*Edward Lauterbach* for plaintiff.

*John H. Galloway, Jr., Corporation Counsel,* for defendants.

SCHMIDT, J. This is a taxpayer's action. Plaintiff seeks to enjoin the sale by the city of certain real property which it has obtained by " in rem " tax foreclosure and which is located in certain residential zones in the city. The plan adopted for its sale restricts such sales to owners of adjacent improved property. The plaintiff has offered a higher bid for a parcel than has the adjoining owner and the city has rejected this higher offer.

Stripped of all details we have in this case an effort by the city to sell, to a contiguous owner of improved property, adjoining real estate at a lower price than that offered by another prospective purchaser.

While section 166-i of the Tax Law provides in part " Such tax district is hereby authorized to sell and convey such lands so acquired, either with or without advertising for bids, notwithstanding the provisions of any general, special or local law ", the court finds in this provision no authority on the part of the city to reject a higher bid.

In reaching this conclusion the court is mindful of section 22 of the Second Class Cities Law making the common council and other officials, trustees for the benefit of the taxpayers of the city and section 37 of said law dealing with the disposal of real estate by the city.

The distinction between city-owned property acquired for public use and that acquired by tax lien foreclosure is recognized and the effort of the city officials to dispose of the latter as speedily as possible is also recognized. Nevertheless it is their duty as trustees to obtain the best price for the benefit of the taxpayers and while they are not required to advertise for bids on such property we find nothing in the law or in sound public policy that allows them to reject a higher bid merely because it is not made by an adjoining owner.

The motion for an injunction pending trial is therefore granted. Submit order on two days' notice.